# The State of New Hampshire
# Superior Court

Hillsborough-North

STEVEN P. MARSHALL & ERICA A. MARSHALL

V.

TRICIA L. HICKS

No. 216-2020-CV-00528

**ORDER REGARDING AWARD OF ATTORNEY'S FEES AND TAXATION OF COSTS**

This case involves a property dispute over a right of way ("ROW") between neighbors. On December 5, 2022, the Court entered judgment for the plaintiffs on all counts. Order on the Merits Following Bench Trial (Doc. 46).[1] The Court also granted the plaintiffs' request for attorney's fees under Harkeem v. Adams, 117 N.H. 687 (1977). (Doc. 46 at 28-29). The Court subsequently denied the defendant's Motion for Reconsideration and Clarification (Doc. 47).

In granting the plaintiffs' request for attorney's fees, the Court ruled, "the plaintiffs were forced to litigate a five day bench trial plus two pretrial hearings regarding the injunction together with associated pleadings. The plaintiffs are entitled to an award of attorney's fees for this unnecessary litigation. They are not granted fees for those portions of the case that relate to the dispute of the length of the ROW." (Doc. 46 at 29). The plaintiffs are also entitled to recover costs allowable to the prevailing party

---

[1] After the initial citation, the Court will reference all pleadings and orders by the index number of the document in the court file.

1

under New Hampshire Rule of Civil Procedure 45.  In response to this order, the plaintiffs filed a <u>Supplemental Motion in Regard to Plaintiffs' Award of Attorneys' Fees</u> (Doc. 48) together with a supporting affidavit (Doc. 49).  The defendant filed an objection (Doc. 51) to which the plaintiffs' replied (Doc. 55).  The Court issues the following findings of fact and rulings of law.

    I.    **<u>Award of Attorney's Fees</u>**

The party seeking an award of attorney's fees and costs has the burden to justify the reasonableness of the fee request considering the factors outlined in the New Hampshire case law.  <u>See</u> <u>Fleet Bank-NH v. Christy's Table, Inc.</u>, 141 N.H. 285, 291 (1996).  The factors the Court may consider in determining the reasonableness of the fee include:

    (1) the amount involved,

    (2) the nature, novelty, and difficulty of the litigation,

    (3) the attorney's standing and the skill employed,

    (4) the time devoted,

    (5) the customary fees in the area,

    (6) the extent to which the attorney prevailed, and

    (7) the benefit thereby bestowed on his clients.

<u>See</u> <u>Couture v. Mammoth Groceries, Inc.</u>, 117 N.H. 294, 296 (1977).  Because the decision regarding the reasonableness of the attorney's fees involves a weighing and balancing of the various factors, no simple mathematical formula is available to calculate the fee.  <u>See</u> <u>McCabe v. Arcidy</u>, 138 N.H. 20, 29 (1993).  For this reason, the trial court is granted considerable discretion in determining the appropriate fee to award. <u>See</u> <u>Demers Agency v. Widney</u>, 155 N.H. 658, 665 (2007).

2

The plaintiffs were represented in this dispute by the law firm, Atkins Callahan, and more specifically Attorney Michael Atkins.  The plaintiffs incurred a total of $93,106.73 in legal fees.  The plaintiffs seek reimbursement for $80,723.48 under Harkeem and this Court's trial order.  The defendant does not challenge Attorney Atkins' skill or experience as a litigator or the reasonableness of the hourly fee charged by Attorney Atkins or his paralegal in general.  The defendant, however, contests the reasonableness of the number of hours billed by Atkins Callahan and how much of that billable work should be borne by the defendant in light of the issues involved in the case and the limitations on the award established by this Court's order on the merits.

In the case at bar, Attorney Atkins began his involvement in late April 2020, shortly after the clashes between the defendant and the plaintiffs' tenant and their laborers described in this Court's trial order.  The conflict between the defendant and the plaintiffs has been going on for close to three years now.  As noted in the trial order, portions of the litigation are a result of a legitimate, good faith dispute over the exact contours of the easement.  However, the defendant's obdurate and spiteful approach to the dispute has caused the litigation to be unnecessarily protracted and required Attorney Atkins to prepare more than would ordinarily be expected based on the nature of the case. Determining the extent to which the defendant's conduct created excessive expense for the plaintiffs is a matter left to the experienced discretion of this Court.  See Demers Agency, 155 N.H. at 665.

As noted, the plaintiffs should never have been forced to rely on the court to remove the obstacles in the easement.  Even as late as her motion to reconsider, the defendant continues to insist she removed the impediments in the easement before the

3

plaintiffs filed suit. See Def. Mot. Reconsider. and Clarification (Doc. 27) at 5. This Court soundly rejected that assertion as a matter of fact in the final order on the merits. (Doc. 46 at 8-10). The defendant's words and deeds, as detailed in the order on the merits, demonstrate that she did not accept the plaintiff's right to use the ROW. Her attempt to justify her behavior up through her trial testimony was not credible and frivolous. By taking this tack the defendant's behavior forced plaintiffs' counsel to prepare his case more thoroughly than if this was merely a legitimate dispute about the meaning of the easement language. Thus, the plaintiffs undoubtedly incurred more time and expense during the litigation than they would have if the defendant had stuck to the issues for which there were genuine, good faith disagreements.

That said, not all of the litigation costs can be attributed to the defendant's bad faith. Reasonable minds could differ about the meaning of easement language regarding the length of the ROW. Even though the plaintiffs ultimately prevailed on the merit of this issue as well, under the American Rule, they are still required to bear the cost of their own attorney's fees in the absence of the opposing party's bad faith. See Short v. LaPlante, 174 N.H. 384, 392 (2021).

As this Court noted in the merits order, the trial itself was likely days longer than it needed to be if the defendant had avoided non-frivolous issues. That said, it is not appropriate to charge the defendant more than 80% of the legal fees. The plaintiffs would have incurred certain aspects of the litigation costs even if the defendant had not acted out of vengeance toward them. Fees relating to preparing and serving a complaint, reviewing the title and deeds, consulting with a surveyor, preparing a structuring order, litigating

4

pretrial motions, and certain aspects of preparing for trial were unavoidable expenses attributable to the litigation.

The Court has carefully reviewed the invoices submitted by the plaintiffs. The Court finds that 60% of the attorney's fees are attributable to defendant's unreasonable approach to this litigation. Considering the factors outline in <u>Couture</u>, 117 N.H. at 296, the plaintiffs are awarded $55,864.04 for attorney's fees.

II. **Taxation of Costs**

Taxation of costs is a different analysis because it is not contingent on the good faith or bad faith of the defendant. Rather, certain litigation costs are awarded to the prevailing party as a matter of course. Other costs may be awarded in the discretion of the Court. Both situations are governed by New Hampshire Rule of Civil Procedure 45(b), which provides:

> The following costs shall be allowed to the prevailing party: Fees of the court, fees for service of process, witness fees, expense of view, cost of transcripts, and such other costs as may be provided by law. The court, in its discretion, may allow the stenographic cost of an original transcript of a deposition, plus one copy, including the cost of videotaping, and may allow other costs including, but not limited to, actual costs of expert witnesses, if the costs were reasonably necessary to the litigation.

The non-discretionary fees in this case amount to $368 ($280 court filing fee and $88 sheriff's service fee). The defendant is correct that in-state witnesses are no longer entitled to fees for attending court. Accordingly, that cost is not taxable to the defendant.

With respect to discretionary costs, the rule allows the Court to award "other costs including, but not limited to, actual costs of expert witnesses, if the costs were

5

reasonably necessary to the litigation." The Court finds costs incurred from the Registry of Deeds, creation of an enlarged trial exhibit, postage, travel to the courthouse and parking, are all discretionary costs that are "reasonably necessary" to this litigation. These costs total $504.34.

The defendant is correct that the $69.09 expense for exhibit binders is not a taxable cost. While the exhibit binders may have been an effective approach to presentation of evidence during trial, they were not "reasonably necessary" to the trial in light of the Caselines electronic exhibit management software. While the plaintiffs may elect to add "bells and whistles" to improve the presentation of their case, the defendant should not be taxed for these enhancements to the trial presentation.

The bulk of the litigation costs requested by the plaintiffs relate to expert witness fees and expenses. Rule 45, like its predecessor N.H. Super. Ct. R. 87 and RSA 525:14-a, is limited to expert witness fees incidental to appearing and testifying in court. See Cutter v. Town of Farmington, 126 N.H. 836, 843-44 (1985); see also Martinez v. Nicholson, 154 N.H. 397, 402 (2006); Flanagan v. Prudhomme, 138 N.H. 561, 577 (1994). Expert witness fees incurred as a result of pretrial conferences with counsel are not ordinarily allowed. Cutter, 126 N.H. at 844; State v. Wilson, 115 N.H. 99, 102-03 (1975). The Supreme Court has disallowed costs associated with preparation of a case for trial, which the prevailing party has not established as necessary for the presentation of the evidence during the trial. Cf. Cutter, 126 N.H. at 843-44 (rejecting request for expert witness fees that were not incidental to appearing and testifying in court and fees incurred in connection with online legal research).

6

The fee of $250.00 for Liberty Title Services regarding research on the title for each parties' property is a reasonably necessary expert fee to establishing the plaintiffs' rights in the Easement.  Even though, from the start of the litigation, the defendant did not deny the existence of the ROW in her deed, title research is nonetheless essential in a case of this nature.  Understanding the origins and investigating whether there were any changes to the easement rights over time is an indispensable feature of litigation in property rights cases.  Thus, this cost is taxable to the defendant.

The fees for the services of Fieldstone Land Consulting and Michael Ploof are more complicated.  Conducting a survey and preparing an expert report were reasonably necessary to his trial testimony regarding the ROW.  See RSA 516:29-b; N.H. R. Civ. P. 27(b).  This was particularly critical (and helpful to the Court) in light of several aspects of the defendant's case.  Understanding (and observing on the view) the exact contours of the parties' respective property lines and location of the ROW was essential for the Court's decision.  The defendant argued that the ROW should end no more than 14 feet past the southwest corner of the defendant's house.  The plaintiffs argued it should extend 38.5 feet beyond the house.  The defendant's argument that Mr. Ploof testified as a lay witness for that aspect of his testimony misses the mark.  He acted as an expert in surveying when he marked out the locations on the property and depicted those on the survey.  Being able to observe those markings in relationship to the contours of the land and other nature features was critical to determining the scope of the easement.

Furthermore, the defendant argued that she put up the orange flagging to protect the town's water easement from damage.  Identifying the location of that drain pipe in

7

relationship to the parties' respective properties assisted the Court in putting the defendant's argument into context of the events on the ground.

On the other hand, it is not clear that Mr. Ploof needed to attend all five days of trial, even though he only testified on for less than one day and was present for the view.  Thus, the Court has discounted those charges for which he attended trial but did not participate directly in the proceedings.  This reduces his taxable costs by $2,918.50.  The Court finds the remainder of his fees and charges (not including those already discounted by the plaintiffs) reasonably necessary for the litigation.  Accordingly, the Court awards taxation of costs of Fieldstone's service as $9,192.05.  In summary, the plaintiffs are awarded a total of $10,314.30 for costs pursuant to New Hampshire Rule of Civil Procedure 45(b).

SO ORDERED.

February 8, 2023
_____
Date

*N. William D*

N. William Delker
Presiding Justice

Clerk's Notice of Decision
Document Sent to Parties
on  02/08/2023