UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: ) | Bk. #24-10563-KB |
|     Tricia L. Hicks ) | Chapter 13 |
| ) | |
|     Debtor ) | |
| ) | |

## OBJECTION TO DEBTOR'S AMENDED CHAPTER 13 PLAN DATED MAY 23, 2025

NOW COME Steven P. Marshall and Erica A. Marshall, (hereinafter "Creditors"), by and through their attorneys, Victor W. Dahar, P.A., and object to the Confirmation of the Debtor's Amended Plan Dated May 23, 2025 (Doc. #54) filed by the Debtor, Tricia L Hicks (hereinafter "Debtor"), and in support thereof, state as follows:

1. The Creditors' claim stems from a civil action against the Debtor Tricia L. Hicks (the "Debtor"), captioned as Steven P. Marshall and Erica A. Marshall v. Tricia L. Hicks, Docket No. 216-2020-CV-00528 (the "State Court Action") to the New Hampshire Superior Court for Hillsborough County – Northern District (the "Superior Court").

2. The Creditors obtained injunctive relief against the Debtor in Hillsborough County Superior Court – Northern District on or about December 5, 2022. (See Orders attached as Exhibit 1).

3. According to the Debtor's schedules, she is currently on disability and her return to employment is anticipated "at some point in the future".

4. The Debtor now represents that she is on disability and is able to make plan payments.

1

5. The Debtor proposes a $1,500.00 per month plan payment for nine (9) months and $2,010.00 plan payment for fifty-one (51) months.

6. As a result of the Debtor's disability, her total monthly income has not been provided/determined for disposable income purposes for the Amended Chapter 13 Plan.

7. The Debtor has an apartment as part of her home with a separate entry that is or could be rented to a third-party creating disposable income to the Debtor. The Debtor has not indicated whether she is receiving rent for this apartment; if she is not receiving rent, the Debtor has not provided a reason for not renting the apartment to generate additional disposable income.

8. The Debtor lists her one half (1½) interest in Then and Now, LLC to be $79,000.00 without any proof of value or support for the value as listed.

9. The Debtor lists her home has a value of $600,000.00. On information and belief, the Debtor's home has a fair market value closer to $700,000.00-$750,000.00 currently.

10. The Debtor should allow for an appraisal of her home which would provide a current fair market value of the home.

11. The treatment of the judgment and orders of the State Court have not been referenced in the Debtor's Amended Chapter 13 Plan as filed.

12. The Debtor has an Adversary Proceeding pending objecting to the Debtor's discharge in bankruptcy which may impact her amended plan and confirmation.

13. The IRS claim is paid in full through the amended plan when only the priority amount should be paid in full. Based on the treatment of the IRS claim in the amended plan, there is no dividend payment to unsecured creditors, including the Marshall's claim.

14. The Debtor's Amended Chapter 13 Plan does not appear to be feasible.

WHEREFORE, the Creditors, Steven P. Marshall and Erica A. Marshall, respectfully request this Honorable Court:

1. Deny confirmation of the Debtor's Amended Chapter 13 Plan dated May 23, 2025;

2. Allow the Marshalls to obtain an appraisal of the Debtor's home if the Debtor does not have a current appraisal;

3. Allow the Debtor to provide all of her disposable income, including rent from the apartment associated with her home;

4. Grant such other and further relief as is deemed just and equitable.

Respectfully submitted,
Steven P. Marshall and Erica A. Marshall
By their Attorneys,

**VICTOR W. DAHAR, P.A.**

Dated: May 29, 2025

By: /s/ Eleanor Wm. Dahar
Eleanor Wm. Dahar, Esq.
20 Merrimack Street
Manchester, NH  03101
(603)  622-6595
BNH 01784

3