UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

Tricia L. Hicks,                                                    Case No. 24-10563-KB

Debtor(s)                                                           Chapter 13

### OBJECTION TO CERTAIN CLAIMS AND MOTION FOR AUTHORIZATION TO PAY CERTAIN CLAIMS

NOW COMES Andrew M. Dudley, Chapter 13 Trustee and hereby files this Objection to Certain Claims[1] and Motion for Authorization to Disburse Payments Under Chapter 13 Plan, in furtherance of the previously entered Order Confirming the Chapter 13 Plan, stating as follows:

**I. Objection(s) to Certain Filed Claims:**

**A. Late General Claims:** The following proof(s) of claim, which were filed beyond the non-governmental claims bar deadline of 10/28/2024, are late, and should therefore NOT receive a distribution through the Plan, absent a specific Order to the contrary from the Court, to be made upon the request of any interested party:
N/A

**B. Late Governmental Claims:** The following proof(s) of claim, which were filed beyond the governmental claims bar deadline of 2/18/2025, are late and should therefore NOT receive a distribution through the Plan, absent a specific Order to the contrary from the Court, to be made upon the request of any interested party:
N/A

**C. Duplicate Claims:** The following proof(s) of claim are apparently duplicate claims and should therefore not receive a distribution through the Plan:
N/A

**II. Statement of Applicable Plan Provisions, and Request for Authorization to Pay Certain Claims:**

**A. Total Proposed Payments from Debtor(s):**                   $75,840.00
(Plus any annual income tax refunds):

**B. Chapter 13 Trustee's Fees and Expenses:**                    $7,584.00

**C. Secured Claims:** The following filed secured claims should receive a distribution from the funds submitted by the Debtor(s). To the extent that the allowed amount shown below reflects arrearages to cure defaults pursuant to 11 U.S.C. § 1322(b)(3), any defaults shall be deemed cured upon payment of the allowed amount plus applicable interest; the applicable underlying security interest(s) remain unimpaired. To the extent that the allowed amount shown here reflects full payment of the secured claim pursuant to the plan, the security interest is discharged upon payment of the allowed amount and any applicable interest in full. Regarding any secured claim listed here for which the Debtor(s) have proposed that the creditor retain its lien, should subsequent events occur by which relief is granted and the collateral is liquidated, and should the creditor seek to then assert an unsecured deficiency claim to be paid in this case, said creditor shall move to amend its

---

[1] The number assigned to each claim listed in each of the following sections corresponds to that claim's listing in the Court's Registry of Claims in this case. Any claims denoted with an asterisk ("*") are not listed in the Registry of Claims.

allowed secured claim so that its unsecured deficiency claim may be determined to be an allowed unsecured claim for plan distribution purposes.

**C.1.  Secured Claims paid directly by the Debtor(s):**
#6   Savings Bank of Walpole (ongoing residential mortgage payments re: 32 Concord Street, Peterborough, NH)
#*   Service Credit Union (2016 Land Rover)

**C.2.  Secured and Secured Arrearage Claims Paid Through the Plan:**
  None

| | |
|---|---|
| TOTAL SECURED AND SECURED ARREARAGE CLAIMS | $0.00 |

**C.3.  Modified Secured Claims Paid Through the Plan:**
  None

| | |
|---|---|
| TOTAL MODIFIED SECURED CLAIMS: | $0.00 |

**C.4.  Secured Claims Secured by Collateral Surrendered by the Debtor(s):**
These claims should not be paid through the plan nor paid directly by the Debtor(s).
None

**D.  Priority Claims:** The priority claims, listed below, should receive a distribution by the Trustee from the funds submitted by the Debtor(s):

| | | |
|---|---|---|
| #1 | Internal Revenue Service | $28,869.23 |

**D.1.  Attorney's Fees:**
* Attorney Bryan W. Clickner, Esq.

| | |
|---|---|
| Total Attorney Fee, Inclusive of Retainer (subject to approval by the Court) | $6,500.00 |
| Pre-Petition retainer: | $3,500.00 |
| Remaining balance due, payable through the Plan: | $3,000.00 |

*Inclusive of the retainer, $4,500.00 of any attorney fee can be paid over the first 12 months of the plan pursuant to AO 2016-1. Any attorney fee requested in excess of $4,500.00 requires an approved fee application.*

Portion of Balance Due Paid Over:

| | |
|---|---|
| a) The first 12 months of the plan up to the total of $4,500.00: | $1,000.00 |
| b) Remaining balance to be paid over full term of the plan | $2,000.00 |

| | |
|---|---|
| TOTAL PRIORITY CLAIMS: | $31,869.23 |

**E. General Unsecured Claims:** The following claims, listed below, both timely-filed general unsecured claims, and amounts deemed unsecured pursuant to the modification of certain secured claims (referenced above in Section II.C) should receive distributions from the Chapter 13 Trustee from the funds submitted by the Debtor(s):

| | | |
|---|---|---|
| #1 | Internal Revenue Service | $71,168.31 |
| #2 | Discover Bank | $8,023.82 |
| #3 | Service Federal Credit Union | $3,414.31 |
| #4 | Service Federal Credit Union | $23,832.92 |
| #8 | JPMorgan Chase Bank, N.A. | $3,838.93 |
| #9 | Citibank | $1,116.76 |
| #10 | Portfolio Recovery Associates, LLC | $1,001.07 |

| | | |
|---|---|---|
| #11 | Steven P. Marshall and Erica A. Marshall | $75,000.00 |
| #12 | Wadleigh Starr & Peters PLLC | $65,943.45 |
| #14 | Citibank N.A. | $326.89 |
| #15 | Citibank N.A. | $4,339.65 |
| #16 | Resurgent Receivables LLC | $16,105.47 |
| #17 | Resurgent Receivables LLC | $2,676.13 |
| #18 | Public Service of New Hampshire dba Eversource | $8,256.94 |
| #19 | Portfolio Recovery Associates, LLC | $6,980.91 |
| #21 | Aidvantage obo the Dept of Education | $15,916.83 |

TOTAL GENERAL UNSECURED CLAIMS:                                     $307,942.39

**F.  Unscheduled General Unsecured Claims:** The following proof(s) of claims, listed below were filed in the Registry of Claims as unsecured claims.  These claims cannot be identified or located in the Schedules filed in this case. Each of these claims should receive a distribution from the Chapter 13 Trustee from the funds submitted by the Debtor(s), unless successfully objected to by the Debtor(s):

| | | |
|---|---|---|
| #7 | TD Retail Card Services | $511.00 |
| #13 | Verizon by American InfoSource as agent | $373.86 |
| #20 | Synchrony Bank by AIS InfoSource LP as agent | $582.87 |

TOTAL UNSCHEDULED UNSECURED CLAIMS:                              $1,467.73

**III. Summary of the Confirmed Chapter 13 Plan:**

| | |
|---|---|
| Total Proposed Payments from Debtor(s) | $75,840.00 |

Distributions Under Plan

| | |
|---|---|
| Trustee's Fees (10% of total) | $7,584.00 |
| Total Secured and Secured Arrearage Claims | $0.00 |
| Total Modified Secured Claims | $0.00 |
| Total Priority Claims | $28,869.23 |
| Attorney's Fees payable through the Plan | $3,000.00 |
| Estimated Total Remainder for Unsecured Claimants | $36,386.77 |
| Total General Unsecured Claims: | $307,942.39 |
| Total Unscheduled General Unsecured Claims: | $1,467.73 |
| SUBTOTAL: | $309,410.12 |
| (11.76% to be disbursed to Unsecured Claimants) | |

WHEREFORE, the Trustee respectfully requests:

A. That the Objection to the Certain Claims in Paragraph I above be sustained;

B. That the Motion for Authorization to Make Payments toward the certain cited claims in Paragraph II above be granted; and

C. For such other relief as may be appropriate.


Dated: April 3, 2026                                              */s/Andrew M. Dudley*_____
                                                                 ANDREW M. DUDLEY
                                                                 Chapter 13 Trustee
                                                                 PO Box 429
                                                                 Brunswick, Maine 04011-0429
                                                                 (207) 725-1300